Patrick M. Howe
State Bar No. 154669
600 W. Broadway, Suite 700
San Diego, CA 92101
(619) 202-1210 Phone
(619) 452-2507 Fax
pat@patrickhowelaw.com

Attorney for plaintiff
Imelda Maciel

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Imelda Maciel, | Case No. **'15CV483 W    KSC** |
|        Plaintiff, | **COMPLAINT FOR VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT AND THE CALIFORNIA ROSENTHAL ACT** |
|     v. | |
| Cavalry SPV I, LLC; and Winn Law Group, A Professional Corporation; | **DEMAND FOR JURY TRIAL** |
|        Defendants. | |

Plaintiff Imelda Maciel alleges as follows:

## JURISDICTION

1.    Jurisdiction exists under 28 U.S.C. section 1331 because this action arises under the laws of the United States.

2.    Jurisdiction exists under 15 U.S.C. section 1692k (d) because this action seeks to enforce liability of defendants under 15 U.S.C. section 1692 *et seq.*

## VENUE

3.    Venue is proper under 28 U.S.C. section 1391 because a substantial part of the events alleged herein occurred in this judicial district.

## PARTIES

4.    Plaintiff is a natural person.

5.    Plaintiff resides in San Diego County.

6.    Defendant Cavalry SPV I, LLC ("Cavalry") is a limited liability company.

7.    Defendant Cavalry is a person that uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" as defined in 15 U.S.C. section 1692a (6).

8.    Defendant Winn Law Group, A Professional Corporation ("Winn Law Group") is a corporation.

9.    Defendant Winn Law Group is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due

1  or asserted to be owed or due another, and is therefore a "debt
2  collector" as defined in 15 U.S.C. section 1692a (6).

3     10.  Defendant Cavalry, in the ordinary course of business,
4  regularly, on behalf of itself or others, engages in debt collection as
5  that term is defined by CALIFORNIA CIVIL CODE section 1788.2 (b), and
6  is therefore a "debt collector" as that term is defined by CALIFORNIA
7  CIVIL CODE section 1788.2 (c).

8     11.  Defendants Cavalry and Winn Law Group claim that plaintiff
9  is obligated to pay a debt arising out of a transaction in which the
10  money that is the subject of the transaction was primarily for personal,
11  family, or household purposes. Plaintiff is therefore a "consumer" as
12  that term is defined by 15 U.S.C. section 1962a (3).

13     12.  Plaintiff is a natural person from whom defendant Cavalry
14  seeks to collect a consumer debt which was due and owing or alleged
15  to be due and owing from plaintiff. Plaintiff is therefore a "debtor" as
16  that term is defined by CALIFORNIA CIVIL CODE section 1788.2 (h).

17     13.  This case involves money, property or their equivalent, due or
18  owing or alleged to be due or owing from a natural person by reason of
19  a consumer credit transaction. As such, this action arises out of a
20  consumer debt and "consumer credit" as those terms are defined by
21  CALIFORNIA CIVIL CODE section 1788.2 (f).

22              **FACTS COMMON TO ALL CAUSES OF ACTION**

23     14.  In or around December 2008, plaintiff had a consumer credit
24  card with Bank of America under account number 401260640011189.

25     15.  Due to unfortunate and unexpected circumstances, plaintiff
26  was unable to continue making her monthly payment, which at that
27  time was approximately $726. Plaintiff's last payment was in
28  December 2008.

16.  Plaintiff is informed and believes and thereon alleges that Bank of America closed the credit card account in or around March 2009 and charged off the account in or around June 2009. Plaintiff is informed and believes and thereon alleges that, at the time the account was charged off, Bank of America claimed the outstanding balance due was $35,735.

17.  Defendant Cavalry claims it purchased the debt from Bank of America.

18.  Within 12 months before the filing of this complaint, defendant Cavalry falsely represented to plaintiff that the outstanding balance on the debt was $67,523.69, not $35,735 as claimed by Bank of America.

19.  Within 12 months before the filing of this complaint, defendant Cavalry falsely represented to plaintiff that the alleged debt could be resolved for $47,266.58, not $35,735 as claimed by Bank of America.

20.  Before January 23, 2015, defendant Cavalry retained defendant Winn Law Group to collect the alleged debt.

21.  Defendant Cavalry was in control of defendant Winn Law Group with respect to each allegation in this complaint.

22.  Defendant Cavalry directed defendant Winn Law Group with respect to each allegation in this complaint.

23.  Within 12 months before the filing of this complaint, defendant Winn Law Group represented to plaintiff that the amount of the alleged debt was $35,735.52, $34,651.08, and $33,931.08.

24.  On January 23, 2015, defendant Cavalry, through defendant Winn Law Group, filed a state court collection lawsuit against plaintiff

1  in San Diego Superior Court in an effort to collect the alleged debt
2  ("Collection Lawsuit").

3     25.  In the complaint in Collection Lawsuit, defendants Cavalry
4  and Winn Law Group alleged that the original creditor on the alleged
5  credit card account, Bank of America, had assigned ownership of the
6  account to defendant Cavalry.

7     26.  Plaintiff is informed and believes and thereon alleges that, at
8  all times while the Collection Lawsuit has been pending, neither
9  defendant Cavalry nor defendant Winn Law Group has possessed
10  admissible evidence to prove the allegation of an assignment from the
11  original creditor of the alleged debt to defendant Cavalry.

12     27.  In the complaint in Collection Lawsuit, defendants Cavalry
13  and Winn Law Group alleged that, within the four years before the
14  filing of the complaint, there existed an account stated between
15  plaintiff and the original creditor on the alleged credit card account
16  and that plaintiff had been unjustly enriched. Defendants Cavalry and
17  Winn Law Group also alleged that, within that four-year timeframe,
18  plaintiff made a payment directly to Cavalry in or around October
19  2012.

20     28.  In fact, Cavalry did not have an enforceable legal claim under
21  any of the theories in the complaint in the Collection Lawsuit, because
22  all of the claims were time-barred as more than four years elapsed
23  between the date of plaintiff's last payment to Bank of America in
24  December 2008 and the filing of the Collection Lawsuit on January
25  23, 2015. In an effort to avoid the four-year statute of limitations on
26  such claims, defendants Cavalry and Winn Law Group falsely
27  represented that plaintiff made a payment directly to defendant
28  Cavalry in October 2012.

29.   Plaintiff is informed and believes and thereon alleges that, at all times while Collection Lawsuit I was pending, neither defendant Asset nor defendant Fulton possessed admissible evidence to prove the allegation of an account stated or unjust enrichment.

### FIRST CAUSE OF ACTION

### (**Against all defendants for violation of the**

### **Fair Debt Collection Practices Act**)

30.   Plaintiff incorporates the allegations in paragraphs 1–29 as though fully set forth within this first cause of action.

31.   Defendants Cavalry and Winn Law Group violated the Fair Debt Collection Practices Act. Defendants' violations include, without limitation, the following:

a.  15 U.S.C. section 1692d by using unfair or unconscionable means to collect a debt; and by engaging in behavior the natural consequence of which is to harass, abuse or oppress a person in connection with the collection of a debt;

b.  15 U.S.C. section 1692e by making a false, deceptive or misleading misrepresentation in the collection of a debt;

c.  15 U.S.C. section 1692e (2) by misrepresenting the character, amount and legal status of a debt;

d.  15 U.S.C. section 1692e (10) by use of a false representation or deceptive means to collect a debt; and

e.  15 U.S.C. section 1692f (1) by collection of an amount not expressly authorized by an agreement creating a debt, or by law.

32.   As a result of each and every violation, plaintiff has suffered actual damages pursuant to 15 U.S.C. section 1692k (a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. section

1692k (a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. section 1692k (a)(3).

## SECOND CAUSE OF ACTION

### (**Against defendant Cavalry for violation**
### **of the California Rosenthal Act**)

33.  Plaintiff incorporates the allegations in paragraphs 1–32 as though fully set forth within this second cause of action.

34.  Plaintiff is informed and believes and thereon alleges that defendant Cavalry's acts and omissions, as alleged above, violated CALIFORNIA CIVIL CODE section 1788 et seq., including, without limitation, section 1788.17.

35.  Plaintiff is informed and believes and thereon alleges that defendant Cavalry's violations of section 1788.17, which incorporates several provisions of the Fair Debt Collection Practices Act, include, but are not limited to, the following:

     a.  15 U.S.C. section 1692d by using unfair or unconscionable means to collect a debt; and by engaging in behavior the natural consequence of which is to harass, abuse or oppress a person in connection with the collection of a debt;

     b.  15 U.S.C. section 1692e by making a false, deceptive or misleading misrepresentation in the collection of a debt;

     c.  15 U.S.C. section 1692e (2) by misrepresenting the character, amount and legal status of a debt;

     d.  15 U.S.C. section 1692e (10) by use of a false representation or deceptive means to collect a debt; and

     e.  15 U.S.C. section 1692f (1) by collection of an amount not expressly authorized by an agreement creating a debt, or by law.

1    36.   Defendant Cavalry's violations were willful and knowing,

2    therefore entitling plaintiff to statutory damages pursuant to

3    CALIFORNIA CIVIL CODE section 1788.30 (b).

4    37.   As a result of each and every violation, plaintiff has suffered

5    actual damages pursuant to CALIFORNIA CIVIL CODE section 1788.30

6    (a); statutory damages in an amount up to $1,000 pursuant to

7    CALIFORNIA CIVIL CODE section 1788.30 (b); and reasonable attorney's

8    fees and costs pursuant to CALIFORNIA CIVIL CODE section 1788.30

9    (c).

10    ## PRAYER

11    Wherefore, plaintiff prays for judgment as follows:

12    1.   Actual damages pursuant to 15 U.S.C. section 1692k (a)(1)

13    against defendants Cavalry and Winn Law Group;

14    2.   Statutory damages of $1,000 pursuant to 15 U.S.C. section

15    1692k (a)(2)(A) against defendants Cavalry and Winn Law Group;

16    3.   Actual damages pursuant to CALIFORNIA CIVIL CODE section

17    1788.30 (a) against defendant Cavalry;

18    4.   Statutory damages of $1,000 pursuant to CALIFORNIA CIVIL

19    CODE section 1788.30 (b) against defendant Cavalry;

20    5.   Costs and reasonable attorneys' fees pursuant to 15 U.S.C.

21    section 1692k (a)(3) against defendants Cavalry and Winn Law Group

22    and pursuant to CALIFORNIA CIVIL CODE section 1788.30 (c) against

23    defendant Cavalry; and

24

25

26

27

28

6.     Such further relief that the court deems just and proper.

Date: March 3, 2015

Respectfully submitted,

By:     *s/Patrick M. Howe*
            PATRICK M. HOWE

Attorney for plaintiff Imelda
Maciel

E-mail: pat@patrickhowelaw.com

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a jury trial on all issues in this action.

Date: March 3, 2015

Respectfully submitted,

By:     *s/Patrick M. Howe*
            PATRICK M. HOWE

Attorney for plaintiff Imelda
Maciel

E-mail: pat@patrickhowelaw.com